Ruffin, C. J.
 

 The Court hitherto decided on this will, that Bright’s posthumous child took the premises under the description of
 
 “
 
 Polly’s heirs by consanguinity,” as between him and his mother’s brothers and sisters.
 
 Watkins
 
 v.
 
 Flora, 8
 
 Ired. 374. It now appears, that she had another child by her second marriage, who is the lessor of the plaintiff, and is stated to have been born a few months after the-death of her child by the first
 
 marriage;
 
 and it was held by his Honor,
 
 *346
 
 that he is entitled to the premises. It does not appear, how it was supposed the lessor of the plaintiff derived title— whether, as the heir of his half brother, or as a purchaser under Bright’s will, within the description,
 
 “
 
 Polly’s heirs by consanguinity.’’ The Court, however, is of opinion, that he cannot claim in either way, and that the premises belong to the defendant.
 

 The premises could not descend to the plaintiff, unless he was bom within ten months after the death oí his half brother, according to the seventh rule of descent; and, of course, it lies on him to show his birth to have been within the period prescribed: which the Court, probably, would not be
 
 at
 
 liberty to inter from the vague statement, that he was born “within a few months” after the death of the other. But the fourth-rule of descent -clearly excludes the lessor of the plaintiff from claiming by descent from his half brother, as the latter derived the premises from his father by descent or devise, and therefore they descended from him to his heirs, who were of the blood of the father. Supposing the premises, then, to have vested in Bright’s child, the defendant is entitled
 
 to them.
 

 Nor
 
 can the lessor oí the plaintiff claim under the will, as purchaser. It is to be observed, first, that it was clearly erroneous to hold, that in that character the lessor of the plaintiff was entitled to the whole of the premises; for, upon Ins own argument, that he was an “heir of Polly,” and therefore was entitled, the other.child was also entitled to a moiety, and that descended to the paternal relations. Consequently, the lessor of the plaintiff could, at most, be only entitled to an undivided moiety of the premises, and could not maintain this suit without evidence of an actual puster from that part. But the Court is of opinion, that the lessor of the plaintiff is not entitled at all under the will. The devise is to. the wife for her life or widowhood, and after
 
 *347
 
 her death, or marriage,.in fee to- her heirs by consanguinity-, as purchasers. That was held in the former case; and further that the child
 
 ventre matris
 
 was
 
 in rerum natura-,
 
 at the death of the testator, when the will took effect, - and that he took a vested estate, in exclusion of his uncles and aunts, and of all others. But it is said, it was thus laid down-as between the first child and the uncles and aunts, and not to the exclusion of the wife’s second child. The same reason, however, on which the first child took in exclusion of the wife’s collateral relations-, made it take in exclusion of a second child; that is, that the gift over was in remainder and vested in the child
 
 in ventre matris
 
 immediately on the death of the testator. It is true, it was formerly held in the-Courts of Westminster, that such a child did not take immediately under a will, but by way of executory devise. But that was overruled in
 
 Reeve
 
 v.
 
 Long
 
 by the House of Lords, and the point has been considered as settled ever since, as may be seen in 2 Bl. Com. 169, note, and in the cases cited in the opinion before given on this will. This-is clearly not an executory devise, but a case of a plain remainder, either vested or contingent, after the death of the wife, or after her marriage, if it should first happen. It was treated before as a vested remainder, and the only question was, which of two classes of persons took under the description, who were both in being at the death of the testator. If a vested remainder at that time in either set of those persons, it necessarily followed, thatfuture issue of the wife could not come in, as there is nothing in the will to prevent its going into full effect immediately at the death of the testator. But suppose it to have been contingent at first •. still, the lessor of the plaintiff cannot take as one of the re-maindermen, because the particular estate of the mother, whether determined by her dissent to the will, or by her marriage, did not- continue to his birth, and, conse
 
 *348
 
 quently, his contingent remainder would have been defeated. In no point of view, therefore, could the plaintifFbe entitled ; and the judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Pee Cdriam. Judgment accordingly.